## PEMBROKE v. HELVERING, Commissioner of Internal Revenue.

### No. 6056.

Court of Appeals of the District of Columbia.

Argued March 7, 1934.

Decided April 23, 1934.

Allen H. Gardner, of Washington, D. C., for petitioner.

Sewall Key, J. P. Jackson, E. Barrett Prettyman, and John D. Kiley, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This case involves income taxes for the year 1925. The decision of the Board of Tax Appeals is reported in 23 B. T. A. 1176.

It appears that Andrew J. Pembroke, the petitioner, was the owner of certain real estate located in the city of Columbus, Ohio, described as 82–90 North Front street, and that the property was held by him for investment. In 1925 Pembroke leased the property to a tenant for a term of 99 years in consideration of an annual rental, payable quarterly in advance, of $8,500 for the first five years and $9,000 thereafter. As part of this transaction Pembroke also received from the lessee a conveyance in fee of certain real estate described as 514–30 West Rich street in the city of Columbus, subject to a $20,000 mortgage. Pembroke received this property as an additional consideration for the execution by him of the 99-year lease.

It is contended by petitioner that the

transaction was an exchange of property within the purview of section 203 of the Revenue Act of 1926 (44 Stat. 9, 12, 26 USCA § 934 (b) (1), reading in part as follows:

"Sec. 203. * * * (b) (1) No gain or loss shall be recognized if property held for productive use in trade or business or for investment * * * is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment. * * * "

The petitioner claims that in this transaction he exchanged the leased premises with the lessee for the real estate conveyed to him by the lessee, both of which properties were held for investment purposes, and that, according to the provisions of the foregoing statute, no taxable gain resulted to him from it. Accordingly he did not enter the value of the real estate conveyed to him by the lessee as a gain or as income realized in that year.

The Commissioner of Internal Revenue, however, held that the transaction in question was not an exchange of property within the intent of section 203, supra, but was simply a lease made by Pembroke to the lessee in consideration of the stipulated rental and of the conveyance of the described real estate to Pembroke by the lessee. In other words, the Commissioner held that the transaction was merely a lease executed by petitioner of the leasehold estate upon consideration of the annual rentals reserved in the lease and the conveyance to him of the described real estate by the lessee. The Commissioner accordingly held that the value of the conveyed real estate should have been returned as income by the petitioner.

The Commissioner found that the net value of the property thus conveyed to petitioner was in the sum of $10,000, and accordingly determined a deficiency in his return for 1925 in the sum of $2,075.68.

An appeal was taken by petitioner to the Board of Tax Appeals upon the claim first above stated, to wit, that the transaction was a mere exchange of parcels of real estate of like kind, and was governed by section 203, supra, and therefore was not subject to income tax assessment, and, furthermore, that the value of the equity in the property transferred, subject as it was to a mortgage of $20,000, did not exceed the sum of $5,000.

The Board after hearing testimony upon the subject, sustained the contention of the Commissioner that the transaction was not covered by section 203, supra, and that the value of the property received by petitioner from the lessee was taxable as income. The Board also sustained the valuation of $10,000 which the Commissioner had placed upon the equity in the transferred property. Accordingly, the Board reaffirmed the determination of the Commissioner. This appeal followed.

Upon a review of the record, it seems to us quite manifest that the decision of the Board was correct. The transaction in question plainly was not an exchange of property by the parties, but was a lease by petitioner to the lessee of the designated leasehold estate for which the lessee paid an initial rental by means of the transfer of the property referred to, and stipulated to pay a continuing annual rental throughout the term. Consequently the value of the equity in the premises conveyed to petitioner at the beginning of the term constituted in effect a payment of rental, and was taxable accordingly. In our opinion, the finding of the Board should not be disturbed. Accordingly the decision appealed from is affirmed.

GRONER, Associate Justice, took no part in the decision of this case.